RECEIVED
IN LAKE CHARLES, LA

SEP 27 2010

TONY R. MOORE, CLERK
BY_____ PAM _____
              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FRANK G. FOX** | : | **DOCKET NO. 2:10-cv-0812** |
| VS. | : | JUDGE MINALDI |
| **DAVID M WOLFSON** | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the Court is a Motion for Default Judgment filed by the plaintiff, Frank G. Fox [Doc. 9]. The defendant, David M. Wolfson, did not file an Opposition.

### FACTS

On May 19, 2010, *pro se* plaintiff Frank G. Fox filed a complaint against the defendant, David M. Wolfson, alleging "assault and battery against the [p]laintiff by way of verbal harassment" and "cyberstalking."[1] That same day, May 19, 2010, a summons was issued to the defendant. The summons was returned executed via certified mail on May 29, 2010, received by "D. Woolsey" at the defendant's last known address.[2] Pursuant to Federal Rule of Civil Procedure 12(a)(1), the defendant had 21 days, until June 30, 2010, to answer. On July 8, 2010, plaintiff filed a motion for entry of default, which was granted by the Clerk of Court on July, 30, 2010.[3] The plaintiff filed a motion requesting a default judgment on August 9, 2010.[4]

---

[1] Compl. ¶¶ 1 & 5.

[2] Summons July 28, 2010 [doc. 4].

[3] Mot. For Entry of Default July 8, 2010 [docs. 6-7].

[4] Mot. For Default Judgment Aug. 9, 2010 [doc. 9].

1

## LAW AND ANALYSIS

Entry of default does not entitle a non-defaulting party to a default judgment. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) cert. denied, 469 U.S. 874 (1984). "Rule 55 sets forth a two-step process for a party seeking default judgment: entry of a default, followed by entry of a default judgment." *Teamsters Local 639-Employers Health Trust v. Boiler and Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 106 (D.D.C. 2008).

Federal Rule of Civil Procedure 55(b) permits a district court to enter a judgment of default if the defendant fails to answer or otherwise defend an action. *See also* 10B Wright & Miller, Federal Practice and Procedure, Civil § 2685. "To warrant a default judgment, the defendant must be considered a 'totally unresponsive' party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of a default, and the motion for a default judgment." *Teamsters Local 639-Employers Health Trust*, 571 F. Supp. 2d at 107.

A default judgment, however, is not to be granted as a matter of right merely because a party fails to answer or defend the suit. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rule 55 default judgments are generally disfavored. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir.1993). *See also Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.").

A court called upon to enter a default judgment must ascertain whether the plaintiff has stated a claim for which relief can be granted, and if so, whether the averments made thereto

2

satisfy the court that, if true, the plaintiff would be entitled to the relief that it seeks. *Lewis*, 236 F.3d at 767. Thus, the first task for this Court is to determine whether plaintiff has stated a claim for which this Court may grant relief. Second, the Court must determine whether, on the basis of the averments and evidence before it, Mr. Fox is entitled to that relief. Finally, if Mr. Fox is entitled to relief, the Court must "make an independent determination of the sum to be awarded" pursuant to the judgment. *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001).

If an entry of default has been entered against a defendant, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Wright & Miller, Federal Practice and Procedure, Civil § 2688. It remains for this court to determine whether the well-pleaded allegations of the Complaint establish that the plaintiff is entitled to the relief that it seeks. *U.S v. Able*, No. 3:09-537-JFA-PJG, 2010 WL 2431013, *1 (D.S.C. Mar. 26, 2010).

This Court finds that the facts alleged in the complaint, taken as true, do not support the plaintiff's entire claim for purposes of the present motion. The plaintiff claims that the defendant has "committed assault and battery against the Plaintiff by way of verbal harassment."[5] In addition, the plaintiff seeks damages for intentional infliction of emotional distress due to electronic death threats.

Battery is an intentional harmful or offensive touching. *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987). To state a claim for battery, there must be a touching of the plaintiff's person or contact with something closely connected with that person. *Id.* Here, there has been no

---

[5] Compl. ¶ 1.

3

allegation of any touching, only a disjointed allegation of battery via cyber-stalking. Thus, plaintiff has failed to state a claim upon which relief may be granted for battery.

Assault is an intentionally created reasonable apprehension of an imminent battery. *Lawson v. Strauss*, 1995-1537, p. 2 (La. App. 4 Cir. 3/14/96), 673 So. 2d 223, 225, *rehearing denied, writ denied*, 1996-1709 (La. 9/3/96), 678 So. 2d 556. Future threats and threats via electronic communication from a defendant who apparently resides in Utah do not rise to the level of an imminent battery. *See Martin v. Bigner*, 27,694, p. 3 (La. App. 2 Cir. 12/6/95), 665 So. 2d 709, 711. Thus, the plaintiff has failed to state a claim for assault.

To establish a claim for Intentional Infliction of Emotional Distress, the plaintiff must satisfy four elements. *Trahan v. Bellsouth Telecommunications, Inc.*, 881 F. Supp. 1080, 1085 (W.D.La 1995). The defendant must first have had the specific intent to inflict severe emotional distress or have been substantially certain that severe emotional distress would occur. *Id.* Second, the defendant's conduct must be beyond the toleration of reasonable members of society. *Id.* Third, the defendant's conduct must cause plaintiff's emotional distress. *Id.* Finally, the distress must be severe and debilitating. *Id.*

The plaintiff's pleadings satisfy all elements of an Intentional Infliction of Emotional Distress claim. While the plaintiff properly pleaded the first and third elements, the sufficiency of the pleadings with respect to the second and fourth element is questionable. The phone calls may not be so egregious as to satisfy the second element. There has been at least one death threat in a telephone call, but the pleading is noticeably silent as to full the extent and types of calls. Specifically, the complaint provides three examples of obscene behavior: (1) "you don't have a right to a [g]ood [sic] night's sleep"; (2) "you don't love Holly, you love me"; and (2) "I

4

will kill you and your mother."[6] The third example provides a basis for an intentional infliction of emotional distress claim, but the other statements fall short of the type of conduct that is beyond the toleration of reasonable members of society. From the totality of the pleadings, it does appear that death threats, even considering other alleged innocuous but absurd statements by the defendant, rise to the level of extreme or outrageous conduct.

The complaint, moreover, raises doubt as to whether the emotional distress was severe and debilitating, the final element of an IIED claim. For instance, the plaintiff has not alleged any physical manifestation of the emotional distress. Still, the plaintiff has alleged that the defendant's harassing phone calls forced him to seek medical attention. This bare assertion satisfies the pleading requirement for the final element of his claim. Thus, the plaintiff has stated a claim for which relief may be granted for Intentional Infliction of Emotional Distress.

Next, to enter a default judgment in favor of the plaintiff, this Court must determine whether the plaintiff is entitled to relief. In executing the second prong of the test, the factors this Court must consider include:

> whether the defaulting parties failure to plead was technical or de minimus or dilatory or in bad faith, the possibility of prejudice to the plaintiffs, the merits of the plaintiff's substantive claim, the sufficiency of the complaint, the sum at stake, . . . and whether the court "thinks it later would be obliged to set aside the default on defendant's motion."

*DameWare Development, L.L.C. v. Northern Software, S.A.*, No. Civ. 02-3238, 2003 WL 1341209, * 1 (E.D. La. Mar. 12, 2003) (quoting Wright & Miller, Federal Practice and Procedure, Civil § 2685). *See also Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (applying this test).

---

[6] Compl. ¶ 7.

Applying the factors, this Court finds that the plaintiff's complaint lacks merit. Here, the plaintiff claims that, through the defendant's threats, his constitutional rights and immunities have been violated, citing to a number of websites that support his claim for cyber-stalking.[7] These citations include: "[c]lassified information regarding [the] bio-effect of non-lethal weapons" and "a satellite system called Iridium, which allows 2-way communication from anywhere on the globe."[8] Not only does he seek access to the defendant's email accounts under the belief that the defendant is hacking into his e-mail account and erasing e-mails, he also makes incoherent statements within his complaint, such as "Class Action Lawsuit."[9] At best, the intention of these statements is unclear.

Even those allegations in the complaint that bear on the substantive Intentional Infliction of Emotional Distress claim lack merit. First, it is unclear whether the plaintiff's injuries were severe and debilitating. For instance, there is only one assertion that he sought medical attention on account of the defendant's phone calls. The plaintiff, however, provided no allegation as to the extent of the injury to determine whether the injury was severe and debilitating. Second, assuming his injuries were severe and debilitating, it is speculative whether those injuries were caused by sufficiently outrageous conduct on part of the defendant. The plaintiff does not allege that the defendant's death threats lead to his injuries, just the phone calls. Based on the examples in the plaintiff's complaint, the cause of the medical issue is ambiguous. It is clear, however, that the complaint contemplates that every unwanted call from the defendant, no matter how

---

[7] Compl. ¶¶ 8-18.

[8] Compl. ¶¶ 13 & 16.

[9] Compl. ¶ 12.

trivial, rises to the level of outrageous conduct that goes beyond all possible bounds of decency. Under Louisiana law, that is not true. "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Trahan*, 881 F. Supp. at 1085. Many of the plaintiff's complaints concern trivialities. Overall, the merits of the complaint are so lacking that a default judgment is improper.

Other factors further militate against entering a default judgment in favor of the plaintiff. There is no evidence of bad faith on part of the defendant in failing to answer the complaint even though the defendant is negligent in failing to respond. The plaintiff would also suffer little to no prejudice from the denial of a default judgment. Granting a default judgment in the plaintiff's favor, moreover, would wholly prejudice the defendant. This conclusion is only furthered by the amount of relief requested; the plaintiff seeks $10 million on account of stress from waking up to the defendant's telephone calls.[10] Thus, after analyzing all the factors, Mr. Fox is not entitled to a default judgment.

Accordingly, it is

ORDERED that the plaintiff's Motion for Default Judgment is hereby DENIED.

Lake Charles, Louisiana this 27 day of September, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] Compl. ¶ 9.