THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FRANK G. FOX** | : | **DOCKET NO. 10-cv-0812** |
| **VS.** | : | **JUDGE MINALDI** |
| **DAVID M. WOLFSON** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Plaintiff has caused to be filed a motion entitled "motion for appointment of counsel" wherein he "respectfully requests appointment of counsel as provided by in [sic] 42 U.S.C. § 2000(e)5." Doc. 2.

We begin by noting that although the statute that plaintiff references does allow for the appointment of counsel,[1] § 2000e applies to actions arising under a Title VII employment discrimination suit – which this case certainly is not. Plaintiff's suit is framed as a civil rights complaint, but plaintiff alleges zero state action. *See* doc. 1. Thus, we will apply the broad framework of 28 U.S.C. § 1915, which allows for an indigent party to "request an attorney to represent any person unable to afford counsel."[2]

Generally, "[t]he appointment of counsel in a civil case is [a] privilege of proceeding *in forma pauperis* . . . ." *U. S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). Here, however, plaintiff did not file a motion to proceed *in forma pauperis*, but instead paid the $350 filing fee and proceeded in the standard manner. *See* doc. 1. Usually, this might end our inquiry.

---

[1] "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." 42 U.S.C.A. § 2000e-5(f)(1).
[2] In the case of *Mallard v. United States Dist. Ct. for the S. Dist.*, 490 U.S. 296, 301-302 (1989), the United States Supreme Court held that the federal courts can only request that an attorney represent a person unable to employ counsel, because the federal courts are not empowered under 28 U.S.C. § 1915(e) to make compulsory appointments.

But because plaintiff is now making a claim of indigency in his motion to appoint counsel, we will address the issue as if he were proceeding *in forma pauperis*. We do this for the sake of clarity to the applicant.

"[A]ppointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985); *Ulmer v. Chancellor*, 681 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider when determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d at 293, n.14); *see also Ulmer*, 691 F.2d at 1242; *Jackson*, 864 F.2d at 213. Plaintiff is not excused from trying to procure counsel for himself.

No special legal knowledge is required of the plaintiff herein. From what can be pieced together from the pleadings, plaintiff alleges that defendant made threats and "cyberstalked" him over the internet. Doc. 1. Whether or not petitioner makes a colorable claim, at this point the plaintiff appears to be the only person with the first-hand knowledge of the full-scope of facts which are the basis of this action. Plaintiff's claims are not at all complex, and at the least are those which someone with a M.L.S. in library science [*see* doc. 2] should be able to decipher.

Plaintiff makes indication that he has attempted to contact counsel – by faxing Southwest Legal Services "a message with [his] contact information" – but this feeble attempt amounts to little more than passivity.  *Id.*  Although plaintiff has offered financial information that demonstrates his inability to obtain counsel on his own behalf, the factors as set forth above weigh in favor of denying counsel.

In all, the circumstances presented herein are not "exceptional" as to warrant the appointment of counsel.

### *Conclusion*

Accordingly, plaintiff's motion for appointment of counsel [doc. 2] is DENIED.

THUS DONE this 29th day of March, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE